BANCO COMERCIAL DE PUERTO RICO, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Enter a Cautionary Notice of an Attachment.

No. 303.—Decided January 19, 1917.

ATTACHMENT—RECORD OF TITLE—CURABLE DEFECT.—The fact that the attached property is recorded in the name of the predecessor and not in the name of his succession, the defendant, is not a bar to the entry of a cautionary notice of attachment, according to subdivision 4 of article 126 of the Mortgage Law Regulations; and the failure to present in the registry the papers mentioned therein has no other effect than to create a curable defect, subdivision 1 of article 92 of the said Mortgage Law Regulations not being applicable to the case.

ID.—CURABLE DEFECT—SOLIDARY OBLIGATION.—In this appeal the registrar assigned as a curable defect that, there being two defendants, the properties were attached as belonging to one of them, although the debt is not shown to be solidary. *Held:* That there was no need to recite this fact in the writ presented; for inasmuch as the court had ordered the attachment of property belonging to either of the defendants, the registrar should respect its decision because he is not empowered to pass upon the justice or injustice of judicial decisions, and, further, because the decision implies that the obligation is solidary.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

Pursuant to a writ issued out of the District Court of San Juan, Section 2, ordering the attachment of property belonging to either or both of the defendants in an action of debt brought by the Banco Comercial de Puerto Rico against Juan Gómez Tudela (now his succession) and José Rodríguez Pérez to secure the effectiveness of such judgment as might be entered in the said action, the marshal of the said court attached

three houses belonging to Juan Gómez Tudela and presented for record in the Registry of Property of San Juan, Section 1, his notice of the attachment.

The registrar having refused to enter the said notice on the ground that the attached property was not recorded in the name of the defendant succession but in that of Juan Gómez Tudela, assigning also the curable defect that although there were two defendants the property was attached as belonging to one of them and it did not appear that the debt was solidary, the said bank took the present appeal, praying that the decision of the registrar be reversed and that he be required to enter the notice of attachment without the curable defect assigned by him.

As we held in the case of *Alvarez et al.* v. *Registrar of San Juan, ante* page 400, the fact that the property attached in this case is not recorded in the name of the heirs is no bar to the entry of the notice of the attachment; and subdivision 1 of article 92 of the Regulations for the execution of the Mortgage Law, cited by the registrar in his brief, is no ground for his refusal, for its provision that if the ownership of the properties attached is recorded in favor of a person other than the person against whom the attachment has been issued, a cautionary notice shall be denied, is not applicable to cases like the present, which, for the better administration of justice, are subject to the provisions of subdivision 4 of article 126 of the said Regulations, which reads as follows:

"Article 126.—Cautionary notices shall contain the following details, according as the cases may be:

\*    \*    \*    \*    \*    \*    \*

"*Fourth.*—If the cautionary notice should be requested after the death of the possessor of the estate or right against which it is to be entered, and before its record in favor of the person succeeding him to said estate or right, the date of the death, that of the will, if there should be any, the name of the notary before whom it was made, and that of the heir, shall be stated, and if none shall have been designated, a statement to the effect that judicial proceedings have been instituted for the declaration of heirs; and if the

declaration shall have been made, the names, surnames, and residence of the heirs, and the date of the decree by which they were so declared.''

Although the registrar based his refusal exclusively on the ground that the attached property was recorded in the name of Juan Gómez Tudela and not in that of his succession, the defendant, he now contends in his brief that inasmuch as the documents enumerated in subdivision 4, *supra,* were not presented in the registry, he was unable to make the entry.

The right to the entry is recognized by the said rule and the failure in this case to present the documents mentioned therein can have no other effect than the assignment of a defect susceptible of correction.

As to the curable defect pointed out by the registrar in his decision, that the properties were attached as belonging to one of the defendants without showing that the debt was solidary, it will suffice to say that there was no need to recite this detail in the notice presented, for as the court ordered the attachment of property of either of the defendants, its order should have been respected by the registrar, who is not empowered to pass upon the justice or injustice of decisions of the courts, and also because the court's decision implies that the debt was solidary.

For the reasons stated the decision appealed from should be reversed in all its parts and the registrar ordered to record the notice with the curable defect that the documents enumerated in subdivision 4 of article 126 of the Regulations for the execution of the Mortgage Law were not presented.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.